ISIDORA SOMOLINOS VDA. DE LÓPEZ, ETC., demandantes y apelados, *v.* MÁXIMO RUIDÍAZ y MARINA, demandado y apelante.

Núm. 9162.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Marzo 11, 1946.

*Dubón & Ochoteco,* abogados del apelante; *Carlos D. Vázquez,* abogado de los apelados.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Apela el demandado de una sentencia decretando su desahucio de una finca por haber vencido el contrato de arrendamiento. Dos defensas planteó el demandado en la corte inferior: que la corte de distrito carecía de jurisdicción por no exceder el canon de arrendamiento de $1,000 anuales, y que el contrato no había vencido al radicarse la demanda, por haberse convenido su prórroga, o por la tácita reconducción. El apelante imputa a la corte inferior el haber errado al desestimar ambas defensas.

■■ De las alegaciones y la prueba resulta que los apelados venían arrendando la finca al apelante por espacio de unos diez años, y que el último contrato de arrendamiento se hizo por término de un año, a vencer el 2 de junio de 1944. Se estipuló un canon de $35 mensuales, más la mitad del producto líquido de las cañas sembradas en la finca, conviniéndose expresamente que esa mitad del producto de las cañas habría de reputarse como parte del canon. Las partes discutieron el asunto de la terminación del contrato en marzo y en junio de 1944. Según la prueba de los apelados, el apelante fué informado en marzo de 1944 que el contrato no se prorrogaría más, y el 12 de junio de 1944 se le exigió entregara al finca. Según el apelante, en marzo se convino prorrogar el contrato por un año más, y no fué el 12 sino el 23 de junio(¹) que los apelados le exigieron entregara la finca.

La prueba demostró que de la caña cosechada en la finca en la zafra de 1944 le correspondía a los apelados $483.47 más la mitad de la compensación a pagarse por la Administración de Ajuste Agrícola por dichas cañas, mitad que estimaron las partes en no menos de $250. Sumando estas

---

(¹) Ya para el 23 de junio había expirado el período de 15 días que fija el artículo 1456 del Código Civil como determinante de la tácita reconducción.

cantidades al canon fijo de $35 mensuales, resulta un canon anual en exceso de $1,000.

Arguye el apelante que la prueba no demuestra lo que habría de percibirse por concepto de la compensación de la Administración de Ajuste Agrícola, si es que habría de percibirse algo, y que los testigos al declarar sobre este extremo sólo hicieron especulaciones y conjeturas. A la fecha del juicio no se había hecho el pago. Declaró la apelada Isidora Somolinos que el apelante le había informado que la mitad de la compensación sería por lo menos $300. El propio apelante declaró que estimaba que dicha mitad montaría a no menos de $250. Creemos con la corte inferior que esa prueba es suficiente para justificar la conclusión de que los apelados percibirían por ese concepto no menos de $250.

El apelante sugiere sin discutir, que a los fines de determinar la jurisdicción de la corte no puede reputarse como parte del canon el producto de las plantaciones de caña. No tiene razón. Las partes expresamente convinieron que el producto de las cañas formara parte del canon. Y ese convenio es perfectamente válido.(²)

En cuanto a si hubo prórroga del contrato, o tácita reconducción, la prueba, como hemos visto, estuvo en abierto conflicto. La corte de distrito dió crédito a la de los apelados. Arguye el apelante que cometió la corte manifiesto error, ya que si bien los apelados declararon que la reunión de junio de 1944 en que se exigió la entrega de la finca se celebró el día 12 del mes, aceptan los apelados que en esa reunión les entregó el apelante un cheque, y resulta que ese cheque tiene fecha del día 23 de junio, que es el día en que dice el apelante se celebró la reunión. Pero es que la ape-

---

(²)No se opone a tal convenio el precepto del artículo 1433 del Código Civil (Ed. de 1930) que exige que el arrendamiento sea por *precio cierto,* ya que se entiende *cierto* aquel canon que es *determinable,* aunque no sea *determinado. Morales* v. *Alvarez,* 63 D.P.R. 208.

lada Isidora Somolinos, testigo que mereció entero crédito a la corte inferior, insistió, después de llamársele la atención sobre el cheque, en que la reunión se celebró el 12 de junio, y explicó que en varias ocasiones el apelante le había pagado con cheques que llevaban fecha posterior a la de su entrega. No tenemos base alguna para concluir que se equivocara el juez al resolver el conflicto de evidencia en cuanto a la fecha exacta de la reunión celebrada en junio de 1944, y por el contrario, de la lectura de la totalidad de la prueba, se adquiere la impresión de que estuvo acertado el juez al dar crédito a los testigos de los demandantes.

*Debe confirmarse la sentencia apelada.*